UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| PRENTISS PHILLIPS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:19-CV-022-TAV-HBG |
| | ) |
| DANIEL MILLER, | ) |
| BETH MORLEY, and | ) |
| TIFFANY WILLIAMS, | ) |
| | ) |
| Defendants. | ) |

# **MEMORANDUM OPINION**

Plaintiff, a pro se prisoner of the Tennessee Department of Correction who frequently files similar lawsuits in this District, filed a complaint for violation of his civil rights under 42 U.S.C. § 1983 alleging retaliation and denial of medications and medical care [Doc. 2]. In response, Defendants filed a motion to dismiss the complaint [Doc. 16]. In the memorandum in support of their motion to dismiss [Doc. 17], Defendants request that the Court screen Plaintiff's complaint and argue (1) that Plaintiff has failed to properly serve them with process, (2) that Plaintiff's complaint should be dismissed under the three-strikes rule of 28 U.S.C. § 1915(g), and (3) that Plaintiff has failed to exhaust his administrative remedies for his claims.

Plaintiff did not respond to Defendants' motion, and the time for doing so has passed. E.D.TN. LR 7.1(a)(2).[1] As such, Plaintiff has waived any opposition thereto. *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd mem.* 577 F.2d 740 (6th Cir. 1978); E.D.TN. LR 7.2.

Defendants' motion to dismiss [*Id.*] will be **GRANTED**, because Plaintiff has three (3) strikes under 28 U.S.C. § 1915(g) and the complaint does not allege that Plaintiff was in imminent danger of serious physical injury at the time that Plaintiff filed it. Accordingly, the Court's previous order granting Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 5] will be **AMENDED** to state that Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **DENIED**, the Court's financial deputy will be **DIRECTED** to refund Plaintiff any payments that he has made towards the filing fee in this case, and this action will be **DISMISSED without prejudice** to Plaintiff paying the filing fee.

**I.     Three Strikes**

Section 1915(g) of the Prison Litigation Reform Act of 1996 ("PLRA") provides as follows:

> In no event shall a prisoner bring a civil action [*in forma pauperis*] . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in

---

[1.] To the extent that Defendants sought dismissal of this action based on Plaintiff's failure to exhaust his administrative remedies, the Court construed their motion to dismiss as a motion for summary judgment and therefore allowed the parties to file sworn materials relevant to this argument [Doc. 21]. The parties complied [Docs. 22, 23, 24]. However, while Plaintiff responded to this order by opposing dismissal of this action due to his failure to exhaust his administrative remedies [Doc. 23], he still has not filed a response to Defendants' original motion to dismiss, including specifically Defendants' argument therein that he is subject to the three-strikes rule of § 1915(g). Because the Court finds, for the reasons set forth herein, that the complaint is subject to dismissal on this ground, the Court will not reach the other arguments for dismissal in Defendants' motion to dismiss.

any facility, brought an action . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

28 U.S.C. § 1915(g). Prior to filing his complaint in this case, Plaintiff had filed more than three (3) civil rights actions while he was incarcerated that were dismissed for failure to state a claim. *Phillips v. Houston-Fagan*, No. 3:15-CV-447 (E.D. Tenn. Mar. 21, 2018) (dismissed as duplicative and malicious); *Phillips v. Bunch*, No. 3:14-CV-340 (E.D. Tenn. Apr. 18, 2017) (dismissed for failure to state a claim upon which relief may be granted[2]); *Phillips v. Balderidge*, No. 12-1054 (W.D. Tenn. Nov. 13, 2012) (order dismissing complaint for failure to state a claim upon which relief may be granted).

---

[2.] The Court dismissed all defendants—except the Doe defendant—on the grounds that Plaintiff failed to state a claim upon which relief may be granted. The Doe defendant was dismissed because Plaintiff had not timely amended his complaint to name that individual. While the Court did not dismiss the Doe defendant in this case on the ground that the complaint failed to state a claim upon which relief may be granted as to her, the Court made no finding of merit for any of Plaintiff's claims against the Doe defendant. Thus, this partial dismissal for § 1915(g) reasons counts as a strike for Plaintiff. *Pointer v. Wilkinson*, 502 F.3d 369, 373 & n. 4 (6th Cir. 2007) (providing that where some claims are dismissed as frivolous, malicious, or for failure to state a claim and others for non-§ 1915(g) reasons, that dismissal counts as a strike where there was no finding of merit for any of the claims dismissed for non-§1915(g) reasons); *Knox v. Scruggs*, No. 17-10900, 2018 WL 6005450, at *3–4 (E.D. Mich. Oct. 12, 2018) (counting a case that was partially dismissed for §1915(g) reasons and partially dismissed for failure to identify Doe defendants as a strike under § 1915(g) based on *Pointer* and other cases).

Moreover, as set forth above, Plaintiff has failed to dispute Defendants' characterization of this case as a strike under § 1915(g). As such, this also compels the Court to find that this action counts as a strike. *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 496–97 (6th Cir. 2012) ("[W]hen an action is dismissed in its entirety at least in part for § 1915(g) reasons, the plaintiff subsequently bears the burden of proving that the entire action did not fall under § 1915(g) by showing that the claims dismissed without prejudice were not frivolous, malicious, or failed to state a claim. Absent a plaintiff later proving this, the action counts as a strike.").

## II. Imminent Danger

Accordingly, Plaintiff may only proceed *in forma pauperis* in this action if the complaint sufficiently alleges that Plaintiff was in imminent danger of serious physical injuries when he filed his complaint. 28 U.S.C. § 1915(g); *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008).

### A. Allegations of the Complaint

The complaint alleges that Plaintiff had an appointment scheduled with Defendant Miller on October 17, 2018, to obtain certain paperwork necessary to return to a special needs facility to undergo a surgery that had previously been approved by another doctor and for a spinal steroid shot to relieve pressure and numbness in his extremities [Doc. 2 p. 5–6]. According to Plaintiff, the only way for him to get both the surgery and the steroid shot was with Defendant Miller's approval [*Id.*]. When he arrived for the appointment, Plaintiff alleges, Defendant Miller took a phone call and did not see Plaintiff [*Id.*].

Plaintiff alleges that after he filed a grievance, Defendants Miller and Morley "began to deny [him] medical attention," even though he signed up for sick call over thirty (30) times, because they were the only ones who could order Plaintiff's return to the special needs facility for a steroid shot and surgery [*Id.* at 6]. Next, Plaintiff alleges that Defendant Williams covered up for Defendants Miller and Morley regarding these incidents even though she had no personal knowledge of what had occurred [*Id.*].

Plaintiff also claims that he had to write the medical director in Nashville and the warden at the jail because a doctor at a special needs facility that Plaintiff had previously

4

seen had expressed concern about a mass in Plaintiff's chest x-ray and recommended that he get an order for a biopsy from his institution to make sure the mass was not causing his shortness of breath and was not cancerous but Defendant Miller said that the x-ray showed "nothing" [*Id.*]. Plaintiff alleges that after he pointed out Defendants Miller, Morley, and Williams' "inconsistent responses" regarding this issue [*Id.*], Defendants then stopped all of Plaintiff's "chronic care medications" in retaliation [*Id.* at 7].

Plaintiff also alleges that Defendant Morley sent multiple vials of a shot that Plaintiff needed due to his exposure to hepatitis, which caused him to be "extremely sick," and a nurse later told him that he should have only been given two (2) vials [*Id.*].

Plaintiff next states that his tooth got infected and many officers informed Defendants of Plaintiff's condition (i.e., that "had his face [was] swollen and gums [were] swollen and leaking") [*Id.*]. But, Plaintiff alleges, Defendants refused to treat him and claimed that there was no dentist at the jail, so he got penicillin from another inmate to treat this condition [*Id.*]. Plaintiff alleges that "this denial is constant and [] ongoing" [*Id.*].

Additionally, Plaintiff asserts that a grievance chairperson at the jail fails to properly process grievances and that he has received threats of bodily harm from Defendant Morley's husband, who has a reputation for harming inmates [*Id.*].

**B.     Analysis**

First, Plaintiff has not set forth any information from which the Court can plausibly infer that (1) Defendant Miller's failure to see him for an appointment in October of 2018; (2) Defendant Miller and Morley's subsequent refusal to see him for his numerous

subsequent sick call requests; or (3) Defendant Williams' act of "covering up" for these incidents caused Plaintiff to be in imminent danger of serious physical injury when he signed his complaint in January of 2019.  Specifically, Plaintiff does not allege that no medical providers responded to his thirty (30) sick call requests, specify the condition(s) for which he sought medical care in his sick call requests, set forth the approximate dates of his sick call requests, or set forth any facts about his underlying shoulder and/or extremities numbness that suggest that these conditions caused him to be in imminent danger of serious physical injury.

Rather, Plaintiff alleges: (1) that Defendants Miller and Morley were the only medical providers who could approve him for the surgery and the steroid shot procedure and that they did not personally respond to his requests for medical treatment,[3] and (2) that Defendant Williams later "covered up" this behavior.  However, these allegations do not allow the Court to plausibly infer that Plaintiff was in imminent danger of serious physical harm at the time he filed his complaint, and therefore do not entitle Plaintiff to proceed *in forma pauperis* in this matter under the "imminent danger" exception to § 1915(g).

---

[3.] Notably, "a patient's disagreement with his physicians over the proper course of treatment alleges, at most, a medical-malpractice claim, which is not cognizable under § 1983." *Darrah v. Krisher*, 865 F.3d 361, 372 (6th Cir. 2017) (citing *Estelle v. Gamble*, 429 U.S. 97, 107 (1976).).  Likewise, a disagreement between two physicians as to the proper course of medical treatment for a patient needs does not allege a constitutional violation.  *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (finding that a disagreement between prison physician and physician who originally prescribed medications is not of constitutional magnitude). "Additionally, '[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.'" *Id.* (quoting *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976)).

Likewise, Plaintiff's allegations (1) that Defendants gave him "inconsistent responses" regarding his need for a biopsy for a mass on his lung that a prior doctor had found in a chest x-ray to rule out the possibility that the mass was cancerous or causing Plaintiff shortness of breath, and (2) that Defendant Miller stated that the chest x-ray showed "nothing" despite the previous doctor's findings do not allege a constitutional violation, much less allow the Court to plausibly infer that Plaintiff was in imminent danger of serious physical injury at the time he filed his complaint. Again, "a patient's disagreement with his physicians over the proper course of treatment alleges, at most, a medical-malpractice claim, which is not cognizable under § 1983," *Darrah v. Krisher*, 865 F.3d 361, 372 (6th Cir. 2017) (citing *Estelle v. Gamble*, 429 U.S. 97, 107 (1976)), and a disagreement between two physicians as to the proper course of medical treatment for a patient needs does not allege a constitutional violation. *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (finding that a disagreement between a prison physician and a physician who originally prescribed medications is not of constitutional magnitude).

Similarly, Plaintiff's allegations that Defendants retaliated against him because he wrote to the medical director in Nashville and the warden about defendants stopping his chronic care medications do not allow the Court to plausibly infer that Plaintiff's lack of access to these medications caused him to be in imminent danger of serious physical harm at the time that he filed his complaint. While failure to treat a chronic condition that may cause a danger of serious harm can be sufficient to meet the "imminent danger" exception to § 1915(g), *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 586 (6th Cir. 2013)

(holding that a prisoner "who alleges a danger of serious harm due to a failure to treat a chronic illness or condition satisfies the imminent-danger exception to § 1915(g)"), Plaintiff has not set forth any facts to support finding that he was in any such danger due to his chronic conditions.

Moreover, Plaintiff sets forth no facts to support a finding of imminent danger based on Defendant Morley's act of sending more vials than necessary for a hepatitis exposure shot for Plaintiff or Defendants' refusal to treat him for a tooth infection. While Plaintiff states in the complaint that he has "ongoing" issues regarding denial of dental treatment at the jail, he does not set forth any facts regarding his need for dental treatment at the time that he filed his complaint, and he specifically refers to the issues relating to his tooth infection in the past tense. Thus, it is apparent that these were past incidents that no longer affected Plaintiff when he filed his complaint and therefore do not entitle Plaintiff to proceed under the imminent danger exception to § 1915(g). *Rittner v. Kinder*, 290 F. App'x 796, 797–98 (6th Cir. 2008) (providing that the imminent danger exception only applies where the danger is "real and proximate and the danger of serious physical injury . . . exist[s] at the time the complaint is filed" and that that past danger is insufficient).

Further, Plaintiff's allegations in his complaint that a jail official does not properly handle his grievances and that Defendant Morley's husband, who works at the jail, has threatened him with bodily harm have no relevance to this action, as Plaintiff has not sued these individuals in this action or set forth any facts from which the Court can plausibly infer that Defendants were personally involved in these incidents. *Frazier v. Michigan,* 41

F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted under § 1983).

### III. Conclusion

Accordingly:

(1) Defendants' motion to dismiss [Doc. 16] will be **GRANTED** because Plaintiff has three (3) strikes under § 1915(g) and cannot proceed under the imminent danger exception to this provision;

(2) The Court's previous order granting Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 5] will be **AMENDED** to state that Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **DENIED**;

(3) The Court's financial deputy will be **DIRECTED** to refund Plaintiff any payments that he has made towards the filing fee in this case;

(4) This action will be **DISMISSED without prejudice** to Plaintiff prepaying the filing fee; and

(5) The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE